**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

ERIC X. RAMBERT,

               Plaintiff,

v.

ANTHONY SMEAD, *et al.*,

               Defendants.

Civil Action No. 1:16-cv-00296 (BJR)

ORDER ADOPTING REPORT AND RECOMMENDATION.

     Before the Court is the Report and Recommendation of Magistrate Judge Lisa Pupo Lenihan, which recommends that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. No. 1) be denied in accordance with 28 U.S.C. § 1915(g) and that this action be dismissed until such time that Plaintiff pays the full $400.00 filing fee. The Court adopts the Report and Recommendation in its entirety.

     The "three strikes rule" of the Prison Litigation Reform Act ("PLRA") provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

     This Court may take judicial notice of court records and dockets of the Federal Courts located in Pennsylvania as well as those of the Court of Appeals for the Third Circuit. *See DiNicola v. DiPaolo*, 945 F. Supp. 848, 854 n.2 (W.D. Pa. 1996). The first strike against Plaintiff

is *Rambert v. Barrett*, No. 2:95-cv-71-BPM-FXC (W.D. Pa.), which was dismissed as legally frivolous on February 21, 1995. The second strike is *Rambert v. Horn*, *et al.*, No. 2:97-cv-337-DJL-FXC (W.D. Pa.), which was dismissed for failure to state a claim on December 5, 1997. The third strike is *Rambert v. Lavan, et al.*, No. 4:03-cv-370-MM-DB (M.D. Pa.), which was dismissed for failure to state a claim on November 6, 2003.

Plaintiff objects that Magistrate Judge Lenihan is prejudiced against him, that the cases listed should not count as strikes because they were never filed or were not dismissed for frivolousness or failure to state a claim, and that a case dismissed before the PLRA was enacted cannot be counted as a strike. The first ground fails to identify any legal error in the Report and Recommendation. The second ground is easily refuted by a review of the electronic filing system for the district courts in Pennsylvania, where verify the filings and dismissals of each case. And the third ground is meritless because the Third Circuit has held that pre-PLRA dismissals may count as a strike. *Keener v. Pennsylvania Bd. of Probation and Parole*, 128 F.3d 143, 144 (3d. Cir. 1997) (holding that dismissals for frivolousness prior to the passage of the PLRA on April 26, 1996, count as "strikes" under § 1915(g)). Plaintiff's reliance on *Gibbs v. Ryan*, 160 F.3d 160 (3d. Cir. 1998) is misplaced. In *Gibbs*, the Court held that a district court may not apply § 1915(g) to revoke *in forma pauperis* status that had been granted prior to enactment of the PLRA. Because Plaintiff has never been granted *in forma pauperis* status in this action, *Gibbs* is inapposite. Plaintiff has not shown that he is under imminent danger of serious physical injury, and is therefore barred from proceeding in this lawsuit *in forma pauperis* under 28 U.S.C. § 1915(g).

Accordingly, the Court HEREBY ADOPTS the Report and Recommendation of Magistrate Judge Lenihan, ORDERS that Plaintiff Rambert pay the $400.00 filing fee, and TERMINATES

2

Plaintiff Rambert from this action until such time that he pays the fee. The Clerk of the Court is respectfully directed to send copies of this Order to Plaintiff, Defendants, and to Judge Lenihan.

**IT IS SO ORDERED.**

Dated this 18th day of January, 2017.

*Barbara J. Rothstein*

Barbara Jacobs Rothstein
U.S. District Court Judge